ELIZABETH ELLEN MOUNT, Respondent, *v.* THE BROOKLYN UNION GAS COMPANY, Appellant.

*Negligence — injury from falling over gas pipe left upon a cellar floor — proof on the question of contributory negligence as to what occurred at the time of a prior accident — statement of facts in a hypothetical question — objection first taken on appeal — erroneous statement of fact in the judge's charge.*

In an action to recover damages for personal injuries sustained by the plaintiff, who was the janitress of a building, in the basement of which the defendant, a gas company, made use of a rack for the storage of gas pipes, it appeared that after the plaintiff had entered the basement on the day of the accident, some one suddenly shut the door through which she had entered, thus darkening the basement, and that while she was groping about the room she stumbled over a pile of gas pipes, which had been placed upon the floor instead of in the rack, and sustained serious injuries.

*Held*; that evidence that a short time previous to the accident the plaintiff had sustained serious injuries by falling over gas pipes which had been placed upon the basement floor, and that she had complained of this occurrence to four of the defendant's employees whom she had seen engaged in carrying gas pipes into the basement, and that one of them said to her that he was very sorry, was competent on the question of the plaintiff's contributory negligence, as the employee's expression of sorrow would naturally lead the plaintiff to suppose that she need not thereafter anticipate the presence of a similar obstacle upon the floor.

In propounding a hypothetical question to an expert the examining counsel is not bound to state all the facts which his opponent deems necessary; it is enough if the assumptions contained in the question are within the probable or even possible scope of the evidence.

Where a hypothetical question is objected to upon the ground that sufficient facts were not stated and that there were other facts which might change the opinion of the expert, the objection that the question assumed certain facts of which no proof had been given cannot be taken for the first time upon appeal.

A judgment entered upon the verdict of a jury will not be reversed because the

trial judge in his charge made a statement of fact which was not justified by the proof, where his attention was not called to the error by an exception to the charge.

APPEAL by the defendant, The Brooklyn Union Gas Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 6th day of July, 1901, upon the verdict of a jury for $3,250, and also from an order entered in said clerk's office on the 12th day of July, 1901, denying the defendant's motion for a new trial made upon the minutes.

*Herbert C. Smyth* [*Edwin A. Jones* with him on the brief], for the appellant.

*Herbert T. Ketcham* [*Grosvenor Nicholas* with him on the brief], for the respondent.

WILLARD BARTLETT, J.:

The plaintiff was the janitor of a building in the basement or cellar of which the defendant corporation occupied a rack for the storage of gas pipes. Having occasion to carry a barrel into the basement, the plaintiff entered it by the way of the front steps leading down through a door on the sidewalk. Some one suddenly shut the door after her, thus darkening the basement, and, in groping along, the plaintiff stumbled over a large pile of gas pipes which had been left on the floor, and fell, sustaining injuries for which she has recovered a verdict for $3,250 in the present action.

The evidence was quite sufficient to support the conclusion that the defendant was negligent in placing these gas pipes on the floor instead of in the rack, inasmuch as the pleadings indicate that the only right which the defendant had in the basement was to maintain racks there for the storage of pipe, and that it was not contemplated that any part of the floor should be occupied for such purpose. The accident out of which the cause of action arose occurred on October 26, 1899. It was alleged in the complaint and proved upon the trial that on the ninth day of October in the same year the plaintiff seriously injured herself by falling over gas pipes which had been scattered on the same basement floor. The plaintiff testified that she complained of this occurrence to four of the

defendant's employees whom she had seen engaged in carrying gas pipes into the cellar, and that one of them said to her he was very sorry. The learned counsel for the appellant contend that this testimony was erroneously received, inasmuch as, even though the conversation be deemed to be had with a duly authorized agent of the company, there was no claim that the pipes which injured the plaintiff on the ninth were the same which injured her on the twenty-sixth; so that notice to the defendant of the conditions existing on one day would not tend to show knowledge on the defendant's part of the condition of things at a later date. I think, however, that the reception of this evidence may be justified by reason of its bearing on the question of contributory negligence. The statement that he was sorry, by a servant of the defendant, who was apparently responsible for placing the pipes where they were when the first accident occurred, would naturally lead the plaintiff to suppose that she need not anticipate the presence of a similar obstacle to free passage over the floor of the cellar on the occasion of the second accident.

It is also insisted that certain hypothetical questions put to a physician who was called as a witness for the plaintiff, ought not to have been allowed, because they assumed certain facts of which there was no proof in the case. On this point it is enough to say that there was no objection as to any of these questions that the question did not accord with the evidence in any specific respect; nor was there even a general objection that it did not conform to the facts. The ground of the objection actually made was that sufficient facts were not stated, and that there were other facts which might change the opinion of the expert. There is no rule which binds the examining counsel under such circumstances to state all the facts which his opponent deems necessary. It is enough if the assumptions contained in the question are within the probable or even possible scope of the proof given. (*Quinn v. O'Keeffe*, 9 App. Div. 68, 73.)

The learned trial judge in the course of his remarks said the plaintiff claimed "that she had received the assurance of men in the employ of the defendant, the ones who carried this pipe down, that they would not be left there." No exception was taken to this instruction, but it is nevertheless contended in behalf of the defend-

ant that the judgment ought to be reversed because the assumption of the learned court that any such assurance was given was erroneous; and the case of *Brennan* v. *Richardson* (38 App. Div. 463) is cited in support of the proposition that there ought to be a reversal under such circumstances notwithstanding the absence of an exception. In the case cited, however, the charge contained a distinctly erroneous proposition of law. Here there was no such error; but the most that can be said is that the court inferred, from the evidence which had been given, a fact which was hardly justified by the proof. This inference, however, could not have been deemed a mistaken one at the time, or the remarks of the court would certainly have been made the subject of an exception by counsel; and a slight error of this character, which would doubtless have been corrected if the attention of the court had been called to it by an exception, does not afford a sufficient reason for interfering with the judgment.

For these reasons I advise an affirmance.

Judgment and order unanimously affirmed, with costs.